

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 5, 1964

Honorable Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Opinion No. C-264

Re:     Construction of the pro-
        vision in Article 13.50,
        Texas Election Code,
        relating to ineligibility
        of persons voting in a
        primary election to sign
        the application of an
        independent candidate.

Dear Sir:

        You have requested an opinion on the meaning of the
following provision in Article 13.50 of the Texas Election Code,
pertaining to the application of an independent candidate for
a place on the general election ballot:

        " * * * No person shall sign such application
    unless he is a qualified voter, and no person who
    has voted at either the general primary election
    or the runoff primary election of any party shall
    sign an application in favor of anyone for an office
    for which a nomination was made at either such
    primary election."

        The fact situation on which your questions are based
is stated as follows:

        Both the Democratic Party and the Republican
    Party held primary elections in Guadalupe County
    on May 2, 1964, at which certain nominations for
    county and precinct offices were made by the vote
    of the people participating in the elections.
    However, three local officers, namely, the tax
    assessor-collector, the sheriff, and the constable
    of one justice precinct are running for re-election
    as independent candidates.  A candidate for tax
    assessor-collector was nominated in the Democratic
    primary without opposition on that party ballot,
    but no one was a candidate in that primary for the
    office of sheriff or the office of constable of
    this particular justice precinct.  There was no
    candidate for either of these three offices in
    the Republican primary.  The incumbent tax assessor-

-1260-

collector, sheriff, and constable each timely filed his declaration of intention to run as an independent candidate, as required by Article 13.47a of the Election Code. It will now be necessary for them to get petitions signed by qualified voters, to be filed not later than 30 days after the second primary election, as required by Articles 13.50-13.52 of the Election Code.

You have stated that the above-quoted language in Article 13.50 could be construed to mean that a participant in the Republican primary, where no one was nominated for tax assessor-collector, could not sign the application of the independent candidate for assessor-collector because a candidate for this office was nominated in the Democratic primary. Your questions are as follows:

1. The Republican Party did not nominate a candidate for county tax assessor-collector of Guadalupe County, but a candidate was nominated for that office in the Democratic primary. May persons who voted in the Republican primary election legally sign the application of an independent candidate for the office of tax assessor-collector of Guadalupe County?

2. Candidates for sheriff and for constable, now offering to run as independents, whose names did not appear on any primary ballot, have no opposition. May persons who participated in either the Democratic primary or the Republican primary legally sign the applications of these two candidates?

Prior to 1963, Article 13.50 of the Election Code made the following provision with respect to eligibility of a voter to sign the application of an independent candidate:

" * * * No person who has voted at a primary election shall sign an application in favor of any one for an office for which a nomination was made at such primary election."

Article 13.51 required each signer to subscribe to an oath that he had participated in no primary election which had nominated a candidate for the office for which the independent candidate was running. Under these provisions, the Supreme Court of Texas held in Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938 (1954),

Hon. Alwin E. Pape, page 3 (C-264 )

that a person who had not voted in the first primary but had voted in the runoff primary election of a party which had made a nomination for a certain office in the first primary was not ineligible to sign the application of an independent candidate for that office.

In its report to the 58th Legislature, the Election Law Study Committee created by S.C.R. No. 30 of the 57th Legislature recommended that Article 13.50 be amended so as to make the provision on eligibility of signers read as it now appears in that statute, and the 58th Legislature in 1963 adopted the recommended amendment. The Committee's explanatory note describing this change read as follows: "Provide that a person is ineligible to sign an application if he has voted in either the first primary or runoff primary of a party that has made a nomination for that office at either primary." This change obviously was aimed at changing the rule of Weatherly v. Fulgham. In keeping with this amendment, the wording of the oath was changed to read that the signer had not participated "in the general primary election or the runoff primary election of any party which has nominated, at either such election," a candidate for the office sought by the independent candidate.

In the light of this background, we think it evident that Article 13.50 was intended to mean that a person is ineligible to sign the application of an independent candidate if he votes at either the first primary or the runoff primary of a party which has made a nomination for the office at either primary. Participation in the primary elections of a party which did not make a nomination for the office does not render a voter ineligible to sign the application of an independent candidate. Accordingly, we answer both your questions in the affirmative.

## SUMMARY

Under Article 13.50 of the Texas Election Code, a person is ineligible to sign the application of an independent candidate if he votes at either the first primary or the runoff primary of a political party which makes a nomination at either primary for the office sought by the independent candidate. Participation in the primary elections of a party

which did not make a nomination for the office does not render a voter ineligible to sign the application of an independent candidate.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Edward Bolding
Grady Chandler
Robert Smith
Robert Richards

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone